IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.                                                         Civ. No. 1:20-cv-642

$2,148,002.45 IN FUNDS FROM PLAINS CAPITAL
BANK ACCOUNT NO.-1836 ,

    *Defendant-in-rem.*

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff, United States of America, brings this complaint in accordance with Supplemental Rule G(2) of the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions, and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action to forfeit and condemn to the use and benefit of the United States of America property involved in violations of 18 U.S.C. § 1956 and the Controlled Substances Act that is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) and 21 U.S.C. § 881(a)(6)

### DEFENDANT *IN REM*

2. The defendant *in rem* consists of the following:

    $2,148,002.45 In Funds From Plains Capital Bank Account No.-1836 (Hereafter referred to as "Defendant Funds").

3. The Drug Enforcement Administration (DEA) seized the Defendant Funds on August 6, 2015, pursuant to a seizure warrant issued in the District of New Mexico.

4. The Defendant Funds are now, and during the pendency of this action will be, in the jurisdiction of this Court.

5. In a written settlement agreement dated November 1, 2016, the known potential claimants to the Defendant Funds agreed to the forfeiture of the Defendant Funds to the United States and waived and relinquished any and all rights to contest the forfeiture of the Defendant Funds and all rights to judicial review of the seizure and/or forfeiture of the Defendant Funds.

6. The DEA subsequently forfeited the Defendant Funds in a Declaration of Administrative Forfeiture. Administrative forfeiture of personal property is limited to property not exceeding a value of $500,000, *See* 19 U.S.C. § 1607(a)(1), with the exception of currency or a monetary instrument of any value. *See* 19 U.S.C. § 1607(a)(4). In issuing the Declaration of Forfeiture, the DEA treated the Defendant Funds as currency or a monetary instrument. Bank accounts, however, are not specifically defined as currency or monetary instruments. *See* 31 US.C. § 5312(a)(3). Even though the Defendant Funds were forfeited administratively by agreement, the DEA determined that the Defendant Funds should have been forfeited in a judicial proceeding and notified the U.S. Attorney's Office for the District of New Mexico. Accordingly, the United States brings this action to seek a judicial order forfeiting the Defendant Funds.

**JURISDICTION AND VENUE**

7. The United States District Court for the District of New Mexico has subject matter jurisdiction under 28 U.S.C. §§ 1345, 1355(a) and 1356.

8. Venue for this civil forfeiture action is proper in this district pursuant to 28 U.S.C. §§ 1355 and 1395, as acts or omissions giving rise to the forfeiture that took place in this district

and the property is found in this district. Upon the filing of this complaint, the Defendant Funds will be arrested by execution of a Warrant for Arrest *In Rem* in the District of New Mexico.

## FACTS

9.      A DEA investigation revealed that three smoke shops engaged in on-going retail sales of synthetic cannabinoids, which were comprised of illegal Schedule I analogue controlled substances. These synthetic cannabinoids, commonly known as "spice," were sold in three shops owned and operated by one family. One shop operated under the name "Up in Smoke" and did business in Hobbs, New Mexico. Two shops operated under the name "Just Smokes" and did business in Lubbock, Texas and in Plainview, Texas. During the investigation, a DEA agent, acting in an undercover capacity, made purchases of "spice" from the shops in Hobbs, New Mexico and Lubbock, Texas.

10.     Agents identified 11 bank accounts associated with the shops selling the illicit cannabinoids. The accounts were maintained at Lea County State Bank in Hobbs, New Mexico and Plains Capital Bank and Prosperity Bank in Lubbock, Texas. From February 1, 2014 through December 31, 2014, a minimum of $911,000 in funds from the accounts were used to purchase illegal synthetic cannabinoids and related products from wholesale distribution companies. Retail sales of the "spice" and related materials products from the three shops generated income exceeding three times the amounts spent on the wholesale purchases.

11.     Analysis of bank records revealed that proceeds from the retail sales of the synthetic cannabinoids were deposited into the accounts and subsequently transferred among the accounts via check or electronic transfer. These transfers were designed to conceal or disguise the nature, location, source, ownership or control of the proceeds of the sales of illegal drugs.

12. Agents determined that two large sums derived from sales of illegal cannabinoids were deposited into a personal money market account at Plains Capital Bank in Lubbock, Texas, (money market account) on March 7, 2014. One of the deposits occurred when a commercial checking account in the name "Just Smokes" was closed and the remaining balance of $162,307.92 was moved into the money market account. A second deposit was made via a check from "Up in Smoke" for $430,890.56.

13. On June 9 2015, agents executed search and seizure warrants on eight accounts and locations associated with the smoke shop businesses. Agents seized a cumulative total of approximately $1,054,404.35 from the accounts. The execution of the search warrants resulted in the discovery, *inter alia,* of the following:

   a. approximately $1,057,495.00 in U.S. currency and approximately 21.8 gross kilograms of synthetic cannabinoids at the residence of one of the principal owners of the smoke shops;

   b. approximately 17.90 gross kilograms of synthetic cannabinoids and drug paraphernalia at Just Smokes in Plainview, TX;

   c. approximately 17.91 gross kilograms of synthetic cannabinoids and drug paraphernalia at Just Smokes in Lubbock, TX; and

   d. approximately 6.72 gross kilograms of synthetic cannabinoids and drug paraphernalia at Up in Smoke in Hobbs, NM.

14, On August 3, 2015, a Plains Capital Bank officer revealed the existence of investment account-1836 (account-1836) to DEA agents as they continued their investigation. The agents learned that the money market account discussed above in paragraph 11 had been closed on or about January 14, 2015, and the funds in the money market account transferred to

account-1836, which was opened on the same day. Moreover, the bank officer informed agents that account-1836 had been opened with funds transferred from the accounts seized on June 9, 2015.

15.     On August 6, 2015, agents obtained and executed a federal seizure warrant on the Defendant Funds held in account-1836 Plains Capital State Bank in Lubbock, TX.

### FIRST CLAIM FOR RELIEF

16.     The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

17.     Title 21, United States Code, Section 881(a)(6) subjects to forfeiture "[a]ll moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

18.     Defendant Funds were furnished, or intended to be furnished, in exchange for a controlled substance, or constitute proceeds traceable to such an exchange, or were used or intended to be used to facilitate a violation of the Controlled Substances Act and are thus subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

### SECOND CLAIM FOR RELIEF

19.     The United States incorporates by reference the allegations in paragraphs 1 through 14 as though fully set forth.

20. Defendant Funds are subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 981(a)(1)(A) because the funds were involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956 or constitute property traceable to such property.

WHEREFORE: Plaintiff seeks arrest of Defendant Funds and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Funds, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

JOHN C. ANDERSON
United States Attorney

STEPHEN R. KOTZ
Assistant U.S. Attorney
P.O. Box 607
Albuquerque, NM 87103
(505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 07/01/2020

Thomas D. Long, Special Agent
Drug Enforcement Administration

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

## DEFENDANTS
$2,148,002.45 IN FUNDS, ET.AL.,

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [x] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☒ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury – Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
18 U.S.C. § 981(a)(1)(A), 21 U.S.C. § 881(a)(6)
Brief description of cause:

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $**

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 7/1/2020

SIGNATURE OF ATTORNEY OF RECORD: */s/ signature/*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____